# EXHIBIT D

# CHAPTER 5 - ESTABLISHMENT INSPECTIONS

## CONTENTS

SUBCHAPTER 5.1 - INSPECTION INFORMATION .............. 202
5.1.1 - AUTHORITY TO ENTER AND INSPECT .................... 202
5.1.1.1 - FDA Investigator's Responsibility............................ 202
5.1.1.2 - Credentials.................................................................. 202
5.1.1.3 - Written Notice ........................................................... 202
5.1.1.4 - Written Observations ................................................ 202
5.1.1.5 - Receipts ...................................................................... 202
5.1.1.6 - Written Demand for Records ................................... 202
5.1.1.7 - Written Requests for Information ............................ 202
5.1.1.7.1 – LACF / AF Food Inspections ................................. 202
5.1.1.7.2 – Requests for Records Under Section 703 of the FD&C Act ................................................................... 202
5.1.1.8 - Business Premises ...................................................... 203
5.1.1.9 - Premises Used for Living Quarters .......................... 203
5.1.1.10 - Facilities where Electronic Products are Used or Held . .......................................................................... 203
5.1.1.11 - Multiple Occupancy Inspections............................. 203
5.1.1.12 - Authority for Examinations and Investigations ........ 203
5.1.1.13 - Authority to Implement Section 702(e)(5) of the FD&C Act ................................................................... 203
5.1.1.13.1 - SCOPE ................................................................... 204
5.1.1.13.2 - INSPECTIONAL GUIDANCE .............................. 204
5.1.1.13.3 - FOLLOW UP GUIDANCE .................................... 204
5.1.1.13.4 - SEARCH WARRANTS ........................................... 204
5.1.1.14 - Products Imported Under the Provisions of Section 801(d)(3) of the FD&C Act ................................. 204
5.1.1.14.1 - REQUIREMENTS FOR BT ACT .......................... 204
5.1.1.14.2 - INSPECTIONAL PREPARATION ........................ 205
5.1.2 - INSPECTIONAL APPROACH ..................................... 205
5.1.2.1 - Depth of Inspection .................................................. 205
5.1.2.2 - Inspection Walk Through ......................................... 205
5.1.2.3 - Signing Non-FDA Documents .................................. 205
5.1.2.4 - Technical Assistance .................................................. 206
5.1.2.5 - Team Inspections ....................................................... 206
5.1.2.5.1 - TEAM MEMBER RESPONSIBILITIES .................. 206
5.1.2.5.2 - TEAM LEADER RESPONSIBILITIES.................... 206
5.1.3 - INSPECTION OF FOREIGN FIRMS........................... 207
5.1.4 - INSPECTIONAL PRECAUTIONS................................ 207
5.1.4.1 - Clothing ..................................................................... 207
5.1.4.2 - PHS Recommendations - Basic Sanitary Practices .. 207
5.1.4.3 - Representatives Invited by the Firm to View the Inspection ................................................................... 208
5.1.5 - GENERAL PROCEDURES & TECHNIQUES............. 208
5.1.5.1 - Candling ..................................................................... 208
5.1.5.2 - Label Review .............................................................. 208
5.1.5.3 - Field Exams ................................................................ 208

SUBCHAPTER 5.2 - INSPECTION PROCEDURES .............. 208
5.2.1 - PRE-INSPECTIONAL ACTIVITIES.............................. 208
5.2.1.1 - Pre-Announcements .................................................. 209
5.2.1.1.1 - BASIC PREMISES.................................................... 209
5.2.1.1.2 - CRITERIA FOR CONSIDERATION...................... 210
5.2.1.1.2.1 - Type of Inspection............................................... 210
5.2.1.1.2.2 - Eligibility Criteria ................................................ 210
5.2.1.1.3 - PROCEDURES......................................................... 210
5.2.1.2 - Personal Safety .......................................................... 210
5.2.1.2.1 - PREPARATION ....................................................... 211
5.2.1.2.2 - PHYSICAL RESISTANCE/THREATS/ ASSAULTS 211
5.2.1.3 - Personal Safety Alert ................................................. 212
5.2.1.4 - Personal Safety .......................................................... 212
5.2.2 - NOTICE OF INSPECTION ......................................... 214
5.2.2.1 - Multiple Date Inspections......................................... 214
5.2.2.2 - Inspection of Vehicles ............................................... 214
5.2.2.3 - Follow-Up Inspections by Court Order ...................... 214

5.2.2.4 - Conducting Regulatory Inspections When the Agency is Contemplating Taking, or is Taking, Criminal Action ........................................................... 215
5.2.2.5 - When Evidence of a Criminal Violation is Discovered in the Course of a Regulatory Inspection............... 215
5.2.2.6 - Use of Evidence Gathered in the Course of a Criminal Investigation....................................................... 216
5.2.2.7 - Use of Evidence Voluntarily Provided to the Agency 216
5.2.2.8 - Concurrent Administrative, Civil, and Criminal Actions... .................................................................................... 216
5.2.2.9 - Working with a Grand Jury ...................................... 216
5.2.3 - REPORTS OF OBSERVATIONS.................................. 216
5.2.3.1 - Preparation of Form FDA 483 ................................. 217
5.2.3.1.1 - INDIVIDUAL HEADINGS ...................................... 217
5.2.3.1.2 - SIGNATURE POLICY ............................................. 218
5.2.3.1.3 - DATE ISSUED ......................................................... 218
5.2.3.1.4 - OBSERVATIONS...................................................... 218
5.2.3.1.5 - MEDICAL DEVICE INSPECTIONS....................... 219
5.2.3.1.6 - CORRECTION OF FDA 483 ERRORS................. 219
5.2.3.1.6.1 - Errors Discovered Prior to Leaving the Establishment ...................................................... 219
5.2.3.1.6.2 - Errors Discovered after Leaving the Establishment.. .................................................................................... 219
5.2.3.2 - Reportable Observations.......................................... 219
5.2.3.2.1 – ADULTERATION OBSERVATIONS..................... 219
5.2.3.2.2 OTHER OBSERVATIONS......................................... 220
5.2.3.3 - Non-Reportable Observations................................. 220
5.2.3.4 - Annotation of the FDA 483 ..................................... 221
5.2.3.5 - Government Wide Quality Assurance Program (GWQAP).................................................................... 221
5.2.3.6 - Distribution of the FDA 483 .................................... 221
5.2.3.6.1 - ORIGINAL ............................................................... 221
5.2.3.6.2 - COPIES..................................................................... 222
5.2.4 - RECEIPT - FACTORY SAMPLES................................ 222
5.2.4.1 - Items Requiring Receipt ........................................... 222
5.2.4.2 - Items Not Requiring Receipt ................................... 222
5.2.5 - INSPECTION REFUSAL .............................................. 222
5.2.5.1 - Refusal of Entry......................................................... 222
5.2.5.2 - Refusal to Permit Access to or Copying of Records. 222
5.2.5.3 - Refusal after Serving Warrant .................................. 222
5.2.5.4 - Hostile and Uncooperative Interviewees .................. 223
5.2.5.4.1 - INDICATORS .......................................................... 223
5.2.5.4.2 - SAFETY PRECAUTIONS ....................................... 223
5.2.5.4.3 - PROCEDURES WHEN THREATENED OR ASSAULTED........................................................... 223
5.2.5.4.4 - NOTIFICATION OF FBI AND US ATTORNEY....... 224
5.2.6 - INSPECTION WARRANT .......................................... 224
5.2.7 - DISCUSSIONS WITH MANAGEMENT...................... 224
5.2.7.1 - Protection of Privileged Information........................... 225
5.2.7.2 - Refusals of Requested Information .......................... 225
5.2.8 - CONSUMER COMPLAINTS ....................................... 225
5.2.9 - INTERVIEWING CONFIDENTIAL INFORMANTS ...... 225
5.2.9.1 - How to handle the first contact ................................ 225
5.2.9.1.1 - INTERVIEWING METHODS/TECHNIQUES......... 226
5.2.9.1.2 - ESTABLISH MOTIVATION .................................. 226
5.2.9.1.3 - ANONYMITY .......................................................... 226
5.2.9.2 - Protect the Identity of the Source ............................. 226
5.2.9.2.1 - ACCESS ................................................................... 226
5.2.9.2.2 - STORAGE REQUIREMENTS................................. 226
5.2.9.2.3 - DISCLOSURE ......................................................... 226
5.2.9.2.4 - DESTRUCTION ..................................................... 227
5.2.10 - ROUTINE BIOSECURITY PROCEDURES FOR VISITS TO FACILITIES HOUSING OR TRANSPORTING DOMESTIC OR WILD ANIMALS ..................... 227
5.2.10.1 - Pre-Inspection Activities......................................... 227
5.2.10.2 - General Inspection Procedures............................. 228
5.2.10.3 - Special Situation Precautions................................. 229

There may also be occasions where you are conducting a regulatory inspection at a facility, and, in the course of that inspection, you discover evidence of a criminal violation. If this occurs, you should continue the regulatory inspection as you would under normal circumstances. Document the observation and notify your supervisor. Evidence of the observation could be used in a criminal investigation, and the evidence could legally be disclosed to criminal investigators.

If you know criminal investigators are conducting a criminal investigation, your supervisor should notify the criminal investigators of any such observations. If you do not know of any ongoing criminal investigation, your supervisor should refer the information for review by the Office of Criminal Investigations. See the current Regulatory Procedures Manual (RPM). If the regulatory inspection is Center-directed (such as a bio-research monitoring inspection, a pre-approval inspection, or an inspection related to data integrity issues) your supervisor should immediately notify the Center involved of the referral to the Office of Criminal Investigations.

The discovery of evidence of a criminal violation may also be relevant to FDA's responsibility to assure articles are being produced in conformity with the Food, Drug, and Cosmetic Act. Additional inspections may be warranted. Such inspections should be planned and documented in accordance with the preceding section, "Conducting Regulatory Inspections When the Agency is Contemplating Taking, or is Taking, Criminal Action."

## 5.2.2.6 - Use of Evidence Gathered in the Course of a Criminal Investigation

The extent to which information gathered in the course of a criminal investigation may be shared with other components of FDA will vary with each case. Investigators should determine the extent of information sharing in accordance with the following guidelines.

Information and evidence gathered in the course of a criminal investigation may be shared with regulatory personnel, subject to two reservations:
1. Information obtained pursuant to grand jury subpoena or testimony may not be shared. Disclosure of such information to anyone other than individuals identified by the Department of Justice attorney involved could subject the individual making the improper disclosure to sanctions for contempt by the court. Only the court can authorize disclosure beyond these parameters. Information obtained by other means (search warrant, cooperative witnesses, surveillance, etc.) may be shared, subject to the following paragraph.
2. There may be a need to protect the confidentiality of the criminal investigation. For example, disclosure to regulatory investigators might prematurely disclose the existence of the criminal investigation or the identity of confidential informants. However, whenever you are calculating the need to protect the confidentiality of information gathered in the course of a criminal investigation through means other than the grand jury, you must consider whether it will be in the interest of public health to protect the confidentiality of that information.

Criminal investigators should consult their supervisors to determine whether disclosure should be made to regulatory investigators.

## 5.2.2.7 - Use of Evidence Voluntarily Provided to the Agency

Criminal and regulatory investigators may share information and evidence voluntarily provided to FDA, without use of the regulatory inspection authority, search warrant, or subpoena. If criminal investigators decide not to share such information because of a need to protect the confidentiality of the criminal investigation, they should consider the potential impact on the public health of protecting the confidentiality of that information.

## 5.2.2.8 - Concurrent Administrative, Civil, and Criminal Actions

It may be appropriate to seek administrative and/or civil remedies against a firm or individual under investigation for criminal violations. There are many issues involved in determining whether such actions may proceed concurrently, or whether certain actions should proceed first. Each situation must be evaluated on an individual basis. If administrative and/or civil remedies are under consideration against a firm or individual also under investigation for criminal violations, representatives from the Center responsible for evaluating the administrative and/or regulatory action should meet with the Office of Criminal Investigations Headquarters staff to issues related to the timing of administrative, civil, and criminal actions. The Office of Criminal Investigations and other components of FDA may share information subject to the reservations set out earlier.

## 5.2.2.9 - Working with a Grand Jury

Finally, if you are assigned to work with a grand jury, you should not participate in a regulatory inspection or other regulatory matter involving the same firm or individual(s). Such participation is contrary to long standing agency policy, might be unlawful, and could result in sanctions against the investigator and the agency. You should not participate in any regulatory matters that could result in improper disclosure of grand jury information, even after the grand jury investigation is closed. Grand jury proceedings remain secret even after they are concluded. Under no circumstances should you undertake such participation without first obtaining clearance from the Department of Justice attorney or the Office of Chief Counsel attorney assigned to the grand jury case. See IOM 2.2.7.3 for additional information on Grand Jury proceedings.

## 5.2.3 - REPORTS OF OBSERVATIONS

The FORM FDA 483 INSPECTIONAL OBSERVATIONS (see Exhibit 5-5) is intended for use in notifying the inspected establishment's top management in writing of significant objectionable conditions, relating to products and/or processes, or other violations of the FD&C Act and

related Acts (see IOM 5.2.3.2) which were observed during the inspection. These observations are made when in the Investigator's **"judgment"** conditions or practices observed, indicate that any food, drug, device, or cosmetic have been adulterated or are being prepared, packed, or held under conditions whereby they may become adulterated or rendered injurious to health. The issuance of written inspectional observations is mandated by law and ORA policy.

Be alert for specific guidance in assignments or Compliance Programs which may supplement the following general instructions.

All FDA-483s should adhere to the following general principles:
1. Observations which are listed should be significant and correlate to regulated products or processes being inspected.
2. Observations of questionable significance should not be listed on the FDA-483, but will be discussed with the firm's management so that they understand how uncorrected problems could become a violation. This discussion will be detailed in the EIR.

All FDA-483s should have the following characteristics to be useful and credible documents:
1. Each observation should be clear and specific.
2. Each should be significant. Length is not necessarily synonymous with significance.
3. Observations should not be repetitious.
4. The observations should be ranked in order of significance.
5. All copies of the FDA-483 should be legible.

If an observation made during a prior inspection has not been corrected or is a recurring observation, it is appropriate to note this on the FDA 483.

As of 1997, ORA established a FDA 483 annotation policy for medical device inspections. See IOM 5.2.3.4. Regardless of whether an establishment's FDA 483 is annotated, investigators and analysts should make every reasonable effort to discuss all observations with the management of the establishment as they are observed, or on a daily basis, to minimize surprises, errors, and misunderstandings when the FDA 483 is issued. This discussion should include those observations, which may be written on the FDA 483 and those that will only be discussed with management during the closeout meeting. Industry may use this opportunity to ask questions about the observations, request clarification, and inform the inspection team what corrections have been or will be made during the inspection process. Investigators are encouraged to verify the establishment's completed corrective actions as long as the verification does not unreasonably extend the duration of the inspection.

There may be instances where same day discussion of observations may not be possible due to the volume of documents collected and document review reveals observations on a different day than the documents were collected or in other circumstances. When these instances occur immediately prior to the conclusion of the inspection the lack of a daily discussion of observations does not preclude listing of significant observations which were not previously discussed on the FDA 483.

**Turbo EIR**

Turbo EIR is an automated FDA 483 and EIR reporting system. Use Turbo EIR to generate the FDA 483 where applicable cite modules exist. Turbo EIR should not be used to create a FDA 483 during an inspection of a firm involving multiple commodity areas when FDA 483 cites do not exist for ALL of the commodity areas for which observations need to be included on the FDA 483. You should be able to write the entire FDA 483 using Turbo EIR.

Use Turbo EIR for all EIRs whether or not your FDA 483 was generated using Turbo and when no FDA 483 was issued. See IOM 5.10.4.

## 5.2.3.1 - Preparation of Form FDA 483

It is not necessary to complete all headings of the FDA 483, when multiple page 483s are issued. Complete all headings on the first page and, on subsequent pages, only those necessary to identify the firm and dates inspected. FDA 483s should be issued at the conclusion of the inspection and prior to leaving the premises. However, in preparing some complex FDA 483s, it may be necessary to leave the premises and return at a later time to issue and discuss your inspectional observations. In this case, you should advise the firm's management your inspection has not been completed and you will return to issue the FDA 483 and discuss inspectional findings. There should be no unreasonable or unwarranted delays in issuing and discussing the FDA 483. During the inspection, do not show the firm's management a draft, unsigned copy of the FDA 483 or an electronic copy of the FDA 483 on your computer screen. You should issue only a signed FDA 483 at the closeout discussion with management.

### 5.2.3.1.1 - INDIVIDUAL HEADINGS

**District Office address and phone number** - Legibly print the district address. Include the District Office commercial telephone number and area code.

Insert this language in the address block of the form FDA 483 Inspectional Observations referencing the Information for FDA - Regulated Industry website:
"Industry information: www.fda.gov/oc/industry".

1. Turbo EIR users - Turbo has been modified to automatically add the text and web address.
2. Adobe PDF or hardcopy FDA 483 forms – add or print the text and website address above below or beside the District Office Phone number.

**217**